

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| HOUSTON REGIONAL SPORTS | § | CASE NO: 13-35998 |
| NETWORK, L.P. | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 11 |
| | § | |
| HOUSTON BASEBALL PARTNERS LLC | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 13-03325 |
| | § | |
| COMCAST CORPORATION, *et al* | § | |
|     Defendant(s) | § | |

## MEMORANDUM OPINION

This Memorandum Opinion concerns whether the Court should remand this adversary to the state court from which it was removed. Subject to the opportunity for appellate review, the Court will abstain under 1334(c)(1) and remand the case to state court under § 1452(b).

### Factual Background

On November 21, 2013, Houston Baseball Partners filed this lawsuit in the 80th Civil District Court, Harris County. Case No. 13-03325, ECF No. 1-4. Houston Baseball Partners sues for fraud, fraudulent inducement, fraud by nondisclosure, negligent misrepresentation or omission, breach of contract and civil conspiracy. ECF No. 1-4 at 21-38.

On November 29, 2013, Comcast filed its Notice of Removal to this Court. ECF No. 1. On March 14, 2014, Houston Baseball Partners filed its Motion for Remand, or Alternatively for Abstention. ECF No. 40. On May 22, 2014, the Court issued its Memorandum Opinion determining that it had subject matter jurisdiction over all the claims in this adversary proceeding, except for the breach of contract claim against McLane Champions, LLC. ECF No.

83. On the same date, the Court issued its Order setting a hearing for June 23, 2014, to determine whether the remaining causes of action should be remanded along with the breach of contract claim. On May 30, 2014, Comcast filed its Motion to Withdraw the Reference. ECF No. 87. The McLane Entities joined Comcast's Motion on June 2, 2014. ECF No. 88. This Court issued an Order on June 4, 2014 denying emergency consideration of the motion and stating that a hearing on withdrawal of the reference will be held after the issues of abstention and remand are decided. ECF No. 90. For the purposes of this opinion, the Court will assume the facts in the light most favorable to the non-moving parties, and accordingly assumes that the reference will be withdrawn.

## Analysis

When a party files bankruptcy, suits involving claims relating to the bankruptcy may be removed to the bankruptcy court. *See, e.g., Khan v. Hakim*, 201 Fed.Appx. 981, 982 (5th Cir.2006). However, once before the bankruptcy court, Congress has provided multiple avenues for a party to have the proceeding remanded to state court. Parties may petition for mandatory abstention under 28 U.S.C. § 1334(c)(2), permissive abstention under 28 U.S.C. § 1334(c)(1), or equitable remand under 28 U.S.C. § 1452(b). *See In re Mugica*, 362 B.R. 782, 790 (Bankr. S.D. Tex. 2007).

### Mandatory Abstention under 28 U.S.C. § 1334(c)(2)

Section 1334(c)(2) provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

Fifth Circuit courts determining whether mandatory abstention is appropriate have parsed this statute into a four part test: (1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be timely adjudicated in state court." *In re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997); s*ee also In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996); *In re Mugica*, 362 B.R. 782 (Bankr. S.D. Tex. 2007).

The movants here have met 3 of the 4 requirements.  The action could not have been commenced in federal court without bankruptcy jurisdiction.  The proceeding is related-to the bankruptcy and not a core matter.  The action may be timely adjudicated in state court, as the local rules in Harris County District Court presume that a trial in every civil action will be completed within eighteen months of filing.

However, the third factor has not been satisfied.  Section 1334(c)(2) requires that a state court action be commenced prior to the bankruptcy proceedings.  *See Special Value Continuation Partners, L.P. v. Jones*, 2011 WL 5593058, at *2 (Bankr. S.D. Tex. Nov. 10, 2011).  The involuntary bankruptcy petition was filed on September 27, 2013.  The complaint was filed in 80th Civil District Court, Harris County on November 21, 2013.  Case No. 13-35998, ECF No. 1.  Because the state-court action was filed post-petition, mandatory abstention is not warranted.

## Permissive Abstention under 28 U.S.C. § 1334(c)(1)

Although the Court is not required to abstain under § 1334(c)(2), it may discretionarily decline to hear the proceeding under § 1334(c)(1).  Similarly, this court may choose to remand a cause of action on any equitable ground.  *See In re Gober*, 100 F. 3d 1195 (5th Cir. 1996); *In re Wood*, 825 F. 2d 90 (5th Cir. 1987).  Courts consider a number of factors in deciding whether to

abstain or remand.  *Special Value Continuation Partners, L.P. v. Jones*, 2011 WL 5593058 at *7-8 (Bankr. S.D. Tex. 2011).  These include:

> (1) Effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention;
>
> (2) Extent to which state law issues predominate over bankruptcy issues;
>
> (3) Difficult or unsettled nature of applicable law;
>
> (4) Presence of related proceeding commenced in state court or other non-bankruptcy proceeding;
>
> (5) Jurisdictional basis, if any, other than § 1334;
>
> (6) Degree of relatedness or remoteness of proceeding to main bankruptcy case;
>
> (7) The substance rather than the form of an asserted core proceeding;
>
> (8) The feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court;
>
> (9) The burden of the bankruptcy court's docket;
>
> (10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
>
> (11) The existence of a right to a jury trial;
>
> (12) The presence in the proceeding of non-debtor parties;
>
> (13) Comity; and
>
> (14) Possibility of prejudice to other parties in the action.

*Id*.

### Factors Favoring Discretionary Abstention and Remand

Factors 1, 2, 5, 6, 7, and 8 favor abstention and remand.

Factor 1, estate administration, supports abstention and remand.  This suit deals with non-core issues with a remote connection to the bankruptcy proceeding.  In finding subject matter

jurisdiction, the Court stated that the outcome of this lawsuit "conceivably could entitle the Defendants to indemnification from the Network." ECF No. 83 (quoting ECF No. 64 at 6). This effect on the bankruptcy proceeding hinges on several contingencies. If Houston Baseball Partners were to prevail on its claim for negligent misrepresentation and lose on all other claims, and at least one Defendant could show that its actionable conduct was undertaken on behalf of the Network, there would be an effect on the bankruptcy estate. Under similar circumstances the Court has held that remand is favored. *See, e.g., In re NC12, Inc.*, 478 B.R. 820, 840 (Bankr. S.D. Tex. Aug. 28, 2012) (discretionarily abstained from hearing fraud claims that were "on the outer fringes of the Court's related-to jurisdiction," where claims could only conceivably have an effect on the bankruptcy estate per insurance policies).

Factor 2, state law issues, supports abstention and remand as all claims in this suit are state law claims.

Factor 5, jurisdictional basis, supports abstention and remand. There is neither diversity nor federal question jurisdiction. Federal jurisdiction is based solely on § 1334. *See, e.g., In re NC12, Inc.*, 478 B.R. 820, 840 (Bankr. S.D. Tex. Aug. 28, 2012); *see also Special Value Continuation Partners, L.P. v. Jones*, 2011 WL 5593058 (Bankr. S.D. Tex. Nov. 10, 2011); *In re Mugica*, 362 B.R. 782 (Bankr. S.D. Tex. 2007).

For the same reasons as factor 1, factor 6, degree of relatedness, supports abstention and remand.

Factor 7, substance of the complaint, supports abstention and remand. This is not a core proceeding. The Court has previously found that Houston Baseball Partners' claims of fraud, fraudulent inducement, fraud by nondisclosure, negligent misrepresentation and civil conspiracy, are not the type for which resolution by a bankruptcy court rather than a state court should be

favored.  *See Special Value Continuation Partners*, 2011 WL 5593058 at *9 (finding that fraud and negligent misrepresentation claims between non-debtors were not the type of proceeding in which resolution by a bankruptcy court was favored over a state court).

Factor 8, feasibility of severance, supports abstention and remand.  It would not be problematic to sever this lawsuit from the core bankruptcy proceedings.  *See id.* at *9 (finding severance feasible where the lawsuit was between non-debtors, based entirely on state law causes of action, and based on events occurring prior to the bankruptcy proceedings).  Within the lawsuit, there are no core matters.

### Factors Weighing Against Discretionary Abstention and Remand

Factors 3 and 4 favor retention.

Factor 3, difficulty or unsettled nature of the law, weighs against abstention and remand. Fraud, fraudulent inducement, fraud by nondisclosure, negligent misrepresentation and civil conspiracy claims are well settled in Texas law.  *See id.* (finding that this factor weighed against remand where there were no new or unsettled questions of state law present).

Factor 4, presence of related proceedings in state court, favors retention.  In its May 22 Memorandum Opinion the Court determined to remand Houston Baseball Partner's breach of contract claim against the McLane Entities to state court.  Subsequently, Comcast and the McLane entities moved for withdrawal of the reference.  Viewing the facts in a light most favorable to the non-moving party, the Court will assume for purposes of this Opinion that the reference will be withdrawn and that the district court will exercise supplemental jurisdiction over the breach of contract claim that was previously remanded.  Under these assumptions, there is no related proceeding in state court, which favors retention.

**Neutral Factors**

Factors 9, 10, 11, 12, 13 and 14 are neutral.

Factor 9, docket congestion, is neutral because this Court's docket is neither so overwhelming nor so light as to weigh for or against abstention and remand. Moreover, there is no evidence regarding the state court's docket which would suggest that one forum is more or less congested than the other.

Factor 10, forum shopping, is neutral. At the June 23 hearing, the Court made the distinction between untoward forum shopping and the permissible forum shopping that every party engages in when selecting its venue. No untoward forum shopping occurred in this case.

Factor 11, existence of right to a jury trial, is neutral. Because the Court assumes the reference will be withdrawn, a jury trial can be held in either forum.

Factor 12, presence of non-debtor parties, is neutral. While the parties to this lawsuit are all non-debtors, Comcast is a principal of the Network and all Defendants may have indemnification claims against the Network. *See Special Value Continuation Partners*, 2011 WL 5593058 at *10 (finding this factor neutral where all parties in the suit were non-debtors, but Defendants were principals of the Debtors).

Factor 13, comity, is neutral. These are solely state law causes of action between non-debtors. However, there are no novel issues that present a countervailing state interest.

Factor 14, prejudicial effect, is neutral. No party has sufficiently demonstrated it would suffer prejudice if the Court rules against, or in favor of, abstention and remand. *See id.* (finding this factor neutral under similar circumstances).

**Equitable Application of Permissive Abstention Doctrine**

A numerical weighting of the factors favors abstention. Six factors favor abstention, two factors favor retention and two factors are neutral. Even after the Court assumes all facts most favorably to the non-moving party, i.e. assumes that the reference will be withdrawn and that the district court will exercise supplemental jurisdiction over the breach of contract claim between Houston Baseball Partners and the McLane Entities, the factors still considerably favor abstention.

More important than the numerical count of factors weighing for and against abstention, the Court must determine which arguments are of greater importance and persuasion. *See Special Value Continuation Partners*, 2011 WL 5593058 at *10; *In re Schlotzsky's, Inc.*, 351 B.R. 430, 435 (Bankr. W.D. Tex. 2006). The factors favoring abstention are of significant importance and persuasion, namely factors 1, 5 and 6.

This suit pertains to non-core issues with a tenuous relationship to the bankruptcy Estate. As discussed above, several contingencies would need to be satisfied before any relationship to the Estate would be found. Additionally, there is neither diversity nor non-bankruptcy federal question jurisdiction—jurisdiction is based solely on § 1334.

Moreover the factors favoring retention are not of great importance and persuasion. Specifically factor 4, presence of related proceeding in state court, only favors retention because of the Court's significant assumptions regarding withdrawal of the reference and exercise of supplemental jurisdiction. If not for this assumption, this factor would significantly favor abstention.

The foregoing factors however are not dispositive, and must be viewed in the larger context of the task presented—to arrive at the equitable application of the permissive abstention

doctrine, as appropriately applied in the bankruptcy context. *In re Schlotzky's, Inc.*, 351 B.R. 430, 435 (Bankr. W.D. Tex. 2006). Comcast and the McLane Entities rely on the principle espoused in *Colorado River Water Conservation District v. United States*, that abstention from the exercise of federal jurisdiction is the exception, not the rule. *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 813, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976). Abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. *Id*. Under *Colorado River*, abstention is confined to three general categories—(1) cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law; (2) where there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar; and (3) where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings. *Id*. at 1244-45.

This Court, as well as several others, has drawn a distinction between *Colorado River* abstention and statutory abstention under § 1334(c). *See Special Value Continuation Partners*, 2011 WL 5593058 at *8 (distinguishes *Colorado River* abstention from discretionary abstention under § 1334(c)(1)); *see also In re Republic Reader's Svc., Inc.*, 81 B.R. 422, 424-425 (Bankr. S.D. Tex. 1987) (abstention in bankruptcy differs from abstention in non-bankruptcy context— the broad power to abstain under § 1334(c) tempers concerns of an overbroad interpretation of § 1334(b)); *Bricker v. Martin*, 348 B.R. 28, 32 (Bankr. W.D. Pa. 2006) (unlike cases controlled by *Colorado River*, bankruptcy courts have broad discretion whether to abstain).

The proposition that bankruptcy courts have broad discretion on whether to abstain comes from both the plain language of the statute and the Fifth Circuit's decision in *Wood v.*

*Wood*. Section 1334(c)(1) is a broadly-worded statute allowing federal courts to decline to exercise jurisdiction "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334. In *Wood*, the Fifth Circuit noted that the discretionary abstention provision of § 1334(c)(1) helps prevent the broad language of § 1334(b) from bringing into federal court matters which should be left to state courts to decide. *See Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir.1987).

Comcast and the McLane entities point to several decisions which they assert suggest that *Colorado River* abstention should be applied in the bankruptcy context. In *In re Schlotzky's, Inc.*, a bankruptcy decision, the court does, in fact, provide that the general rule is that federal courts have a virtually unflagging obligation to exercise their jurisdiction except in extraordinary circumstances. *In re Schlotzky's, Inc.*, 351 B.R. at 434. However, in the very next sentence the court states that § 1334(c) serves the special function of curbing the otherwise boundless scope of § 1334(b) jurisdiction. *Id*. The court goes on to say that whether permissive abstention is appropriate in a given case will be driven by equitable considerations germane to that case—the court's decision on whether or not to abstain will only be disturbed upon a showing of abuse of discretion. *Id*.

In *In re Lorax Corp*. the court held that in determining whether permissive abstention is appropriate, courts refer to the principle developed under judicial abstention doctrines that federal courts have a virtually unflagging obligation to exercise jurisdiction given to them. *In re Lorax Corp*., 295 B.R. 83, 95 (Bankr. N.D. Tex. 2003). However the court goes on to say that § 1334(c)(1) demonstrates Congress's intent that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by discretionary exercise of abstention where appropriate. *Id*. The Defendants also cite *In re Chicago,*

*Milwaukee, St. Paul & Pacific Railroad Company*, which held that discretionary abstention under § 1334(c)(1) is informed by principles developed under judicial abstention doctrines. *In re Chicago, Milwaukee, St. Paul & Pacific R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993). While this case most explicitly states that discretionary abstention is informed by principles developed under judicial abstention doctrines, it goes on to provide that the 12 abstention factors should provide guidance to courts in determining § 1334(c)(1) abstention. Consideration of these 12 factors suggests that the *Chicago, Milwaukee, St. Paul & Pacific R. Co.* court's abstention determination was not limited solely to judicial abstention doctrines.

At the June 23 hearing, the Court stated that absent a compelling reason to the contrary, it would ensure consistency with its prior opinions. The Court is not persuaded that its decision in *Special Value* is incorrect. The Court's *Special Value* opinion does not necessarily foreclose the consideration of *Colorado River* abstention in bankruptcy. However, such consideration must be part of a court's equitable application of the permissive abstention doctrine in the bankruptcy context. The broad language of § 1334(c)(1) and the Fifth Circuit's instruction that § 1334(c)(1) be used to limit the expansiveness of § 1334(b), suggests that an abstention determination in bankruptcy cannot be limited to the rigid principles of judicial abstention.

On balancing the permissive abstention factors, abstention is warranted. The Court will abstain under § 1334(c)(1) and remand to state court under § 1452(b).

## Conclusion

The Court will issue an Order in accordance with this Memorandum Opinion.

SIGNED **July 23, 2014.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE